UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20636-CR-MORENO(s)
8 U.S.C. § 1324(a)(2)(B)(ii), (b)
8 U.S.C. § 1326(a) and (b)(1)
18 U.S.C. § 201(b)(2)(C)
18 U.S.C. § 371
18 U.S.C. § 911
18 U.S.C. § 1542
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(6)



FILED by _____ D.C.
MAG. SEC.

SEP - 6 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

UNITED STATES OF AMERICA

v.

**RONALD HOWARD MERKER,
CLODOALDO RIBEIRO,**
  a/k/a "Claudio,"
  a/k/a Jose A. De Albuquerque,
  a/k/a Jose Neto,
  a/k/a Johnny Rivera,
**SIDNEY HERBERTH SATHLER, and
ALAIR CAMPOS,**
  a/k/a "Billy,"

        Defendants.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

From on or about October 31, 2005, the exact date being unknown to the Grand Jury, and continuing through on or about July 25, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant

**RONALD HOWARD MERKER,**

being a public official, that is, an officer of Customs and Border Protection, an agency of the Department of Homeland Security within the Executive Branch of the United States, did knowingly and corruptly, directly and indirectly, demand, receive, accept, and agree to receive and accept a

thing of value personally, in return for being induced to do and omit to do any act in violation of his official duty as an officer of Customs and Border Protection, in that the defendant demanded, received, and accepted, and agreed to receive and accept a thing of value, including monies, in return for allowing aliens, who had not received prior official authorization, to come to, enter and reside in the United States, in violation of Title 18, United States Code, Section 201(b)(2)(C).

## COUNT 2

1. From on or about October 31, 2005, the exact date being unknown to the Grand Jury, and continuing through on or about July 25, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RONALD HOWARD MERKER,
CLODOALDO RIBEIRO,
a/k/a "Claudio,"
a/k/a Jose A. De Albuquerque,
a/k/a Jose Neto,
a/k/a Johnny Rivera,
SIDNEY HERBERTH SATHLER, and
ALAIR CAMPOS,
a/k/a "Billy,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United States, that is: to bring aliens to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such aliens, in violation of Title 8, United States Code, Sections 1324(a)(2) and 1324(a)(2)(B)(ii).

## PURPOSE AND OBJECT OF THE CONSPIRACY

2. It was the purpose and object of the conspiracy for the defendants to unjustly enrich themselves by smuggling aliens into the United States in exchange for payments from those aliens.

## MANNER AND MEANS OF THE CONSPIRACY

3. The manner and means by which the defendants sought to accomplish the purpose

and object of the conspiracy included, but were not limited to, the following:

a. **RONALD HOWARD MERKER** was a Department of Homeland Security, Customs and Border Protection Officer assigned to the Miami International Airport.

b. **RONALD HOWARD MERKER** and co-conspirators caused to be solicited and solicited persons in other countries with the intent to bring them illegally into the United States in exchange for large cash payments from those persons.

c. **CLODOALDO RIBEIRO, SIDNEY HERBERTH SATHLER,** and **ALAIR CAMPOS** acted as escorts for persons entering the United States illegally.

d. **RONALD HOWARD MERKER** admitted persons not entitled to entry into the United States at Miami International Airport in exchange for illegal payments from **CLODOALDO RIBEIRO**.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the purpose thereof, at least one of the conspirators committed or caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about October 31, 2005, **ALAIR CAMPOS** escorted Solange Duarte to Miami International Airport.

2. On or about October 31, 2005, **RONALD HOWARD MERKER** admitted Solange Duarte into the United States.

3. On or about February 1, 2006, **ALAIR CAMPOS** escorted Agnaldo Duarte to Miami International Airport.

4. On or about December 17, 2006, **RONALD HOWARD MERKER** and **CLODOALDO RIBEIRO** met at a Latin American Café in Miami-Dade County, Florida.

5. On or about December 18, 2006, **SIDNEY HERBERTH SATHLER** flew from Ecuador to Miami International Airport with an alien.

6. On or about January 26, 2007, **RONALD HOWARD MERKER** and

3

**CLODOALDO RIBEIRO** met at a Publix Supermarket in Miami-Dade County, Florida.

7. On or about January 27, 2007, **SIDNEY HERBERTH SATHLER** flew from Ecuador to Miami International Airport with an alien.

8. On or about July 7, 2007, **SIDNEY HERBERTH SATHLER** flew from Brazil to Miami International Airport with an alien.

9. On or about July 25, 2007, **CLODOALDO RIBEIRO** flew from Panama to Miami International Airport with an alien.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 3 – 4

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RONALD HOWARD MERKER,
CLODOALDO RIBEIRO,
a/k/a "Claudio,"
a/k/a Jose A. De Albuquerque,
a/k/a Jose Neto,
a/k/a Johnny Rivera, and
ALAIR CAMPOS,
a/k/a "Billy,"**

did knowingly bring the aliens named below to the United States, for the purpose of commercial advantage and private financial gain, as set forth below, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter and reside in the United States, regardless of any official action which might later be taken with respect to such aliens:

| COUNT | DATE | ALIEN |
|---|---|---|
| 3 | 10/31/05 | Solange Duarte |
| 4 | 02/01/06 | Agnaldo Duarte |

All in violation of Title 8, United States Code, Sections 1324(a)(2) and 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT 5

On or about the date specified below, in Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

**RONALD HOWARD MERKER,
CLODOALDO RIBEIRO,
a/k/a "Claudio,"
a/k/a Jose A. De Albuquerque,
a/k/a Jose Neto,
a/k/a Johnny Rivera, and
SIDNEY HERBERTH SATHLER,**

did knowingly bring the alien named below to the United States, for the purpose of commercial advantage and private financial gain, as set forth below, knowing and in reckless disregard of the fact that such alien had not received prior official authorization to come to, enter and reside in the United States, regardless of any official action which might later be taken with respect to such alien:

| COUNT | DATE | ALIEN |
|---|---|---|
| 5 | 07/07/07 | Daniele Aranha Watanabe |

All in violation of Title 8, United States Code, Sections 1324(a)(2) and 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## COUNTS 6 – 7

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RONALD HOWARD MERKER, and
CLODOALDO RIBEIRO,
a/k/a "Claudio,"
a/k/a Jose A. De Albuquerque,
a/k/a Jose Neto,
a/k/a Johnny Rivera,**

did knowingly bring the aliens named below to the United States, for the purpose of commercial advantage and private financial gain, as set forth in each count below, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter and reside in the United States, regardless of any official action which might later be taken with respect to such aliens:

| COUNT | DATE | ALIEN |
|---|---|---|
| 6 | 07/25/07 | Daniele Fernandes Guida Mascarenhas |

All in violation of Title 8, United States Code, Sections 1324(a)(2) and 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT 8

On or about August 6, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

**CLODOALDO RIBEIRO,**
a/k/a "Claudio,"
a/k/a Jose A. De Albuquerque,
a/k/a Jose Neto,
a/k/a Johnny Rivera,

an alien, having previously been deported from the United States on or about October 2, 2001, was found in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557) having expressly consented to such alien's reapplying for admission to the United States; in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

## COUNT 9

On or about December 18, 1998, in Miami-Dade County, in the Southern District of Florida, the defendant,

**CLODOALDO RIBEIRO,**
a/k/a "Claudio,"
a/k/a Jose A. De Albuquerque,
a/k/a Jose Neto,
a/k/a Johnny Rivera,

did willfully and knowingly make a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States for his own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws in that the defendant stated in said application that his name was "Johnny Rivera," and that he was born in Brooklyn, New York, when in truth and in fact, and as the defendant then and there

well knew, his name was not "Johnny Rivera," and he was not born in Brooklyn, New York; in violation of Title 18, United States Code, Section 1542.

## COUNT 10

On or about August 6, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

**CLODOALDO RIBEIRO,**
a/k/a "Claudio,"
a/k/a Jose A. De Albuquerque,
a/k/a Jose Neto,
a/k/a Johnny Rivera,

an alien, did falsely and willfully represent himself to be a citizen of the United States; in violation of Title 18, United States Code, Section 911.

## CRIMINAL FORFEITURE

1. The allegations of Counts 1 through 7 and Count 9 of this Superseding Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which one or more of the defendants has an interest, pursuant to the provisions of Title 8, United States Code, Section 1324(b), Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(6) and pursuant to the provisions of Title 28, United States Code, Section 2461 and the procedures outlined at Title 21, United States Code, Section 853.

2. Upon the conviction of the offense alleged in Count 1 of this Superseding Indictment, defendant **RONALD HOWARD MERKER**, shall forfeit to the United States, all property, real and personal, constituting proceeds obtained from the aforesaid offense and all property traceable to such property, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

3. Upon the conviction of each offense alleged in Counts 2 through 7 of this Superseding Indictment, defendants **RONALD HOWARD MERKER, CLODOALDO RIBEIRO, SIDNEY HERBERTH SATHLER,** and **ALAIR CAMPOS** shall forfeit to the United States (1) any property, real or personal, including any conveyance, used in the commission of the aforesaid

offenses and (2) any property, real or personal, constituting or derived from or traceable to proceeds the defendants obtained directly or indirectly as the result of the aforesaid offenses, pursuant to Title 8, United States Code, Section 1324(b) through Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 982(a)(6).

4. Upon the conviction of the offense alleged in Count 9 of this Superseding Indictment, defendant **CLODOALDO RIBEIRO** (1) any property, real or personal, including any conveyance, used in the commission of the aforesaid offense and (2) any property, real or personal, constituting or derived from or traceable to proceeds the defendants obtained directly or indirectly as the result of the aforesaid offense, pursuant to Title 18, United States Code, Section 982(a)(6).

All pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461, Title 18, United States Code, Section 982(a)(6), and the procedures outlined in Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
BENJAMIN DANIEL
ASSISTANT UNITED STATES ATTORNEY

_____
WILLIAM C. WHITE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

RONALD HOWARD MERKER, et. al.,

Defendant.
_____/

CASE NO. 07-20636-CR-MORENO(s)

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

| | | |
|---|---|---|
| New Defendant(s) | Yes X | No ___ |
| Number of New Defendants | 3 | |
| Total number of counts | 10 | |

**Court Division**: (Select One)

X  Miami    ___ Key West
___ FTL     ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  Yes
   List language and/or dialect  Portuguese

4. This case will take  5  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days        X___           Petty      ___
   II   6 to 10 days       ___            Minor      ___
   III  11 to 20 days      ___            Misdem.    ___
   IV   21 to 60 days      ___            Felony     X___
   V    61 days and over   ___

6. Has this case been previously filed in this District Court? (Yes or No)  Yes
   If yes:
   Judge: Moreno                                    Case No. 07-20636-CR-Moreno
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  Yes
   If yes:
   Magistrate Case No.  07-2993-CR-STB
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of  8/6/07 One
   Defendant(s) in state custody as of
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes  X  No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  X  No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes  X  No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? ___ Yes  X  No

_____
WILLIAM C. WHITE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 087204

*Penalty Sheet(s) attached

REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Ronald Howard Merker

**Case No:** 07-20636-CR-MORENO(s)

Count #: 1

Bribery

18 U.S.C. § 201(b)(2)(C)

**\* Max.Penalty:** 15 years' imprisonment

Count #: 2

Conspiracy

18 U.S.C. § 371

**\*Max. Penalty:** 5 years' imprisonment

Counts #: 3-7

Bringing aliens into the United States for financial gain

8 U.S.C. § 1324(a)(2); 1324(a)(2)(B)(ii); and 18 U.S.C. § 2
**\*Mandatory Min. Penalty:** 3 years imprisonment
**\*Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Clodoaldo Ribeiro

**Case No:** 07-20636-CR-MORENO(s)

Count #: 2

Conspiracy

18 U.S.C. § 371

**\* Max.Penalty:** 5 years' imprisonment

Count #: 3-7

Bringing illegal aliens into the United States

8 U.S.C. § 1324(a), 1324(a)(2)(B)(ii); and 18 U.S.C. § 2
**\*Mandatory Min. Penalty** 3 years imprisonment
**\*Max. Penalty:** 10 years' imprisonment

Count #: 8

Re-entry of a deported alien

18 U.S.C. § 1326(a) and (b)(1)

**\*Max. Penalty:** 10 years' imprisonment

Count #: 9

False statement on a passport application

18 U.S.C. § 1542

**\*Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Clodoaldo Ribeiro

**Case No:** 07-20636-CR-MORENO(s)

Count #: 10

False Claim to United States citizenship

18 U.S.C. § 911

\* **Max.Penalty:**     3 years' imprisonment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Sidney Herberth Sathler

Case No: 07-20636-CR-MORENO(s)

Count #: 2

Conspiracy

18 U.S.C. § 371

**\* Max.Penalty:** 5 years' imprisonment

Count #: 5

Bringing alien into the United States for financial gain

8 U.S.C. § 1324(a), 1324(a)(2)(B)(ii); and 18 U.S.C. § 2
**\*Mandatory Min. Penalty:** 3 years imprisonment
**\*Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Alair Campos

Case No: 07-20636-CR-MORENO(s)

Count #: 2

Conspiracy

18 U.S.C. § 371

**\* Max.Penalty:** 5 years' imprisonment

Counts #: 3-4

Bringing aliens into the United States for financial gain

8 U.S.C. § 1324(a)(2), 1324(a)(2)(B)(ii); and 18 U.S.C. § 2
**\*Mandatory Min. Penalty:** 3 years imprisonment
**\*Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**